# United States Bankruptcy Court
## Middle District of Florida

In re **A & M Global, LLC**    Case No. **3:10-bk-07982**
Debtor(s)    Chapter **11**

Business Case under Chapter 11

## A & M GLOBAL, LLC'S PLAN OF LIQUIDATION, DATED JULY 8, 2011

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of A & M Global, LLC (the "Debtor") from the sale of the properties owned by the Debtor.

This Plan provides for **1** class of secured tax claims; **1** class of Internal Revenue Service tax claims; **1** class of equity security holders; **1** class of unsecured claims; and **1** class of Ali Kas. This Plan also provides for the payment of administrative and priority in full on the effective date of this Plan with respect to any such claim and the priority tax claims will be paid in full with statutory interest.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

2.01    Class 1. All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2) and priority tax claims under § 507(a)(8)).

2.02    Class 2. All allowed Property Tax Claims.

2.03    Class 3. The Claim of the Internal Revenue Service.

2.04    Class 4. General Unsecured Creditors.

2.05    Class 5. Equity interests of the Debtor. (Insiders)

2.06    Class 6. Ali Kas Claim.

### ARTICLE III
### TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEE'S FEES, AND PRIORITY TAX CLAIMS

3.01    Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.02    United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

# ARTICLE IV
# TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Priority Claims | Unimpaired | Class 1 is unimpaired by this Plan, and each holder of a Class 1 Priority Claim will be paid in full, in cash, upon the later of the effective date of this Plan as defined in Article VII, or the date on which such claim is allowed by a final non-appealable order.  (There currently are no Priority Claims that fit this category besides potential trustee fees) |
| Class 2 – Property Tax Claims of Volusia County and Flagler County, Florida | Impaired | Class 2 is impaired by this Plan, and each holder of a Class 2 Property Tax Claims will be paid the full amount of their claim with statutory interest of 18% upon the sale of the properties.  This class will be paid ahead of Classes 3 through 6. |
| Class 3 – Tax Claim of the Internal Revenue Service | Impaired | Class 3 is impaired by this Plan, and will be paid the full amount of the claim with statutory interest of 3% upon the sale of the properties.  This class will be paid ahead of Classes 4 through 6. |
| Class 4 – General Unsecured Claims | Unimpaired | Class 4 is unimpaired because there are no general unsecured claims. |
| Class 5 – Equity Interest Claims | Impaired | Class 5 is impaired and will be paid after all other claims are paid in full per the state court litigation, Kas v. Mirbod, 2008-CA-000812 currently pending in the Circuit Court in and for Flagler County, Florida, after the properties are sold. |
| Class 6 – Ali Kas | Impaired | Class 6 is impaired and will be paid after all other claims are paid in full per the state court litigation, Kas v. Mirbod, 2008-CA-000812 currently pending in the Circuit Court in and for Flagler County, Florida, after the properties are sold. |

# ARTICLE V
# ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01     Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02     Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03     Settlement of Disputed Claims.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

# ARTICLE VI
# PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01     Assumed Executory Contracts and Unexpired Leases.

(a)     The Debtor assumes the following executory contracts and/or unexpired leases effective upon the eleventh business day after entry of the order confirming plan:

| Name of Other Parties to Lease or Contract | Description of Contract or Lease |
|---|---|
| N/A | |

(b)     The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the 11th business day following the entry of a confirmation order.  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than Fifteen (15) days after the date of the order confirming this Plan.

# ARTICLE VII
# MEANS FOR IMPLEMENTATION OF THE PLAN

The Debtor will apply to the Court to employ a real estate company and agent to market the properties for sale.  Once a buyer is found and qualified the Debtor will petition the court for approval of the sale and will take the proceeds from the sale to pay off creditors beginning in class 1 and finishing with class 6.  The claims in each class will be paid in the order in which they were accumulated (i.e. the oldest claims will be paid first).  Class 5 & 6 claims will only be paid if there are any funds left after all other claims are paid in full.  If funds are left after classes 1 through 4 are paid, classes 5 & 6 will be paid in accordance with the current state court litigation, Kas v. Mirbod, 2008-CA-000812 currently pending in the Circuit Court in and for Flagler County, Florida.

# ARTICLE VIII
# GENERAL PROVISIONS

8.01     Definitions and Rules of Construction.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.02     Effective Date of Plan.  The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation.  But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.03     Severability.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04    Binding Effect.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05    Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06    Controlling Effect.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

# ARTICLE IX
# DISCHARGE

9.01    Discharge.  On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

9.02    Injunction.  To the extent a debt is not discharged the Confirmation Order will act as an injunction of collection efforts against property of the estate or of the Debtor.

# ARTICLE X
# OTHER PROVISIONS

10.01    Conversion/Dismissal (Maximum Time).  Should the Debtor be unsuccessful in finding a buyer for the properties in order to satisfy all creditors in classes 1 through 4 within one (1) year after the effective date of the plan any party in interest may petition the court to either dismiss or convert the case to a Chapter 7 proceeding.

10.02    Post Confirmation Modification.  The Debtor or any party in interest shall have the ability to motion the Court to modify the confirmation order at any time before the case is closed.

10.03    Jurisdiction.  The Court shall reserve jurisdiction to either interpret, enforce, or modify the Confirmation Order after confirmation and shall not lose jurisdiction upon confirmation.

10.04    Disbursement.  The state court receiver will control disbursement of all proceeds from the sale of the properties.

10.05    Special Tax Provisions.  Per 11 U.S.C. § 1146 the issuance, transfer, or exchange of a security, or the making or delivery of an instrument of transfer under this plan, if confirmed, may not be taxed under any law imposing a stamp tax or similar tax.

Respectfully submitted,
By:
/s/ Jason A. Burgess
**Jason A. Burgess 40757**
Attorney for the Debtor-In-Possession
2350 Park Street
Jacksonville, Florida 32204
(904) 521-9868
Jason@jasonaburgess.com